IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| AMERICAN MILLENNIUM INSURANCE COMPANY, | ) ) ) | Civil Action No. 2:25-cv-11601-RMG |
| Plaintiff, | ) ) | **COMPLAINT** |
| vs. | ) ) | **(DECLARATORY JUDGMENT)** |
| PATRICK MONTGOMERY, SABRINA MONTGOMERY, AND MONTGOMERY CONSTRUCTION, LLC, KANISHA NASH, and ANDREW SHEPHERD, ESQ., AS SPECIAL ADMINISTRATOR OF THE ESTATE OF G.N., A MINOR. | ) ) ) ) ) ) | |
| Defendants. | | |

The Plaintiff, American Millennium Insurance Company (hereinafter "AMIC"), by and through its undersigned counsel, complaining of the Defendants Patrick Montgomery, Sabrina Montgomery, Montgomery Construction, LLC, and Kanisha Nash, and Andrew Shepherd, Esquire, as the Special Administrator of the Estate of G.N., a minor, would respectfully allege and show as follows:

## JURISDICTION AND VENUE

1.     Plaintiff AMIC is an insurer organized and existing pursuant to the State of New Jersey, with its principal place of business in the State of New Jersey. At all relevant times, AMIC was authorized to conduct business as an insurance company in the State of South Carolina.

2.     The Defendant Patrick Montgomery is an individual residing in Berkeley County, South Carolina.

3.     The Defendant Sabrina Montgomery is an individual residing in Berkeley County, South Carolina.

4.      The Defendant Montgomery Construction, LLC (hereinafter "Montgomery Construction) is a for-profit corporation organized under the laws of the State of South Carolina and at all relevant times, doing business in Berkeley County, South Carolina.

5.      The Defendant Kanisha Nash is an individual residing in Spartanburg County, South Carolina.

6.      The Decedent Minor Defendant, G.N, was a resident of Spartanburg County at the time of the subject incident that gives rise to the underlying lawsuits and claims.

7.      This matter is brough pursuant to Rule 57 of the South Carolina rules of Civil procedure and pursuant to the Uniform Declaratory Judgment Act, South Carolina Code Ann. §§ 15-53-10 through 15-53-140; there is a real or justiciable controversy between the parties, and by these proceedings Plaintiff asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

8.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the Plaintiff and Defendants are residents of different states and the amount of controversy exceeds $75,000.00, exclusive of interest and costs.

9.      Venue is proper in the Charleston Division of this Court under 28 U.S.C. § 1391 because the accident that is the subject of the lawsuit and claims made occurred in Berkeley County, South Carolina.

## FACTS

10.     On April 14, 2023, Patrick Montgomery was driving a 2014 GMC vehicle, license plate KTF628 (hereinafter "the accident vehicle") on Highway 176 in when he was involved in a motor vehicle accident with Defendant Kanisha Nash and her minor child, Minor Decedent Defendant, G.N., (hereinafter, "the accident").

11.     At the time of the accident, the accident vehicle was hauling a trailer, VIN 4YMBU1222YHG043830 (hereinafter "the accident trailer").

12.     As a result of the accident, Defendant Kanisha Nash claims to have suffered bodily injuries and the Minor Decedent Defendant suffered fatal injuries.

13.     AMIC issued a Commercial Auto policy to Defendant Montgomery Construction, LLC, Policy No. CAL08450, with effective date of 11/19/2022 – 11/19/2023 (hereinafter "the Policy"). The Policy provides liability limits of $1,000,000 per each accident and lists one vehicle, a 2016 Mack Dump Truck, under the Schedule of Covered Autos. [See the Policy attached hereto as Exhibit "A"].

14.     The accident vehicle was owned by Sabrina Montgomery and insured under a personal auto policy written by Allstate Insurance Company, Policy No.: 968 905 683. [See attached hereto the Allstate Declarations page, Exhibit "B"].

15.     As a result of the accident, Kanisha Nash has filed a Complaint in the Court of Common Pleas in Berkeley County, South Carolina and has named Montgomery Construction, LLC, Patrick Montgomery, and Sabrina Montgomery, individually, and as owner/registered agent for Montgomery Construction, LLC, Civil Action No.: 2023-CP-08-01652 (hereinafter "Nash Complaint"). [See Nash Complaint attached hereto as Exhibit "C"].

16.     Similarly, Andrew Shephard, Esq. as Special Administrator of the Estate of G.N., a Minor, as filed a Complaint in the Court of Common Pleas of Berkeley County, South Carolina as a result of the accident, Civil Action No.: 2025 CP-08-01662 (hereinafter "Minor Complaint"). [See Minor Complaint attached hereto as Exhibit "D"].

17.     AMIC is informed and believes that neither Defendant Kanisha Nash nor the Minor Decedent Defendant are entitled to the available liability coverage under the Policy because the accident vehicle and trailer involved in the accident, were not "Covered Autos" under the policy.

18.     Additionally, the accident vehicle was not being used as a temporary substitute vehicle for Defendant Montgomery Construction at the time of the accident. [See the EUO transcript of Sabrina Montgomery, p. 25, lines 13-17, attached hereto as Exhibit "E"].

19.     AMIC is informed and believes that it does not owe a duty to defend or indemnity under the Policy to Defendant Patrick Montgomery because he is not an "Insured" under the Policy as he was not employed with Montgomery Construction at the time of the accident, and was not performing business related activities for Montgomery Construction at the time of the accident. [See Exhibit E, p. 11, lines 9-17 and p. 14-15, lines 1-14, attached hereto as Exhibit E]. Further, the accident vehicle and trailer are not "Covered Autos" under the Policy.

20.     AMIC is informed and believes that it does not owe a duty to defend or indemnify Defendant Sabrina Montgomery because the accident vehicle and trailer are not "Covered Autos" under the Policy.

21.     AMIC is informed and believes that it does not owe a duty to defend or indemnify Defendant Montgomery Construction, LLC, because the accident vehicle and trailer are not "Covered Autos" under the Policy.

22.     Additionally, AMIC is informed and believes that it does not owe a duty to defend or indemnify Defendant Sabrina Montgomery and Defendant Montgomery Construction, LLC, in the underlying lawsuits because Defendant Sabrina Montgomery breached the terms and conditions of the Policy when she failed to cooperate in the underlying actions, prejudicing AMICs ability to defend the underlying actions. [See Order dated July 1, 2025, attached hereto as Exhibit F].

23.     Similarly, AMIC is informed and believes that it does not owe a duty to defend or indemnify Defendant Patrick Montgomery in the underly lawsuits because Defendant Patrick Montgomery breached the terms and conditions of the Policy when he failed to cooperate in the underlying actions, severely prejudicing AMIC's ability to defend the underlying actions. [Id.]

24.     Given the foregoing, AMIC is informed and believes that Defendant Kanisha Nash and the Minor Decedent Defendant are not entitled to the liability coverage under the Policy.

25.     The Policy contains the following relevant provisions, subject to its terms and conditions:

The Policy Declarations Page(s) provide in pertinent part:

Item One (1) – Named Insured: Montgomery Construction, LLC

Item Three (3) – Schedule of Covered Autos: 2016, Mack Dump Truck

…

26.     The Motor Carrier Coverage Form (CA 00 20 11 20) states in relevant part:

…

Throughout this Policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

…

## SECTION I – COVERED AUTOS

Item Two of the Declaration shows the "autos" that are covered "autos" for each of your coverages.  The following numerical symbols describe the "autos" that may be covered "autos."  The symbols entered next to a coverage on the Declaration designate the only "autos" that are covered "autos."

### A.  Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols |
|---|---|
| 67 | Specifically Described " Autos"    Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three) |

…

### C. Certain Trailers, Mobile Equipment and Temporary Substitute Autos

If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Auto Liability Coverage:

1.     "Trailers" with a registered Gross Vehicle Weight Rating of 3,000 pounds or less designated primarily for travel on public roads.

3.     Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of served because of its:

a. Breakdown

b. Repair;

c. Servicing;

d. "Loss", or

e. Destruction.

## SECTION II – COVERED AUTOS LIABILITY COVERAGE

### A.  COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

…

We will have the right and duty to defend any "insured" against a "suit" asking for such damages…However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage"…to which this insurance does not apply…

…

1. **Who Is An Insured**
   The following are "insureds":
   a. You for any covered "auto"
   b. Anyone else while using with your permission a covered "auto" you own, hire, or borrow except:
      (1) The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".
      (2) Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

…

(See the Policy, Exhibit A, Form CA 00 20 11 20, p. 1-3).

27.     The Policy provides the following definitions, which may be applicable to this claim:

**SECTION VI – DEFINITIONS**

…

B. "Auto" means:
   1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or
   2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

…

G. "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

…

R. "Trailer" includes a semitrailer or a dolly used to convert a semitrailer into a trailer. …

…

(See the Policy, Exhibit A, Form 00 20 11 20, p. 12-15).

26.     The Policy proves the following language within the Policy;

**SECTION V – MOTOR CARRIER CONDITIONS**

**A.     Loss Conditions**

**2.     Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this Policy unless there has been full compliance with the following duties:

**b.**     Additionally, you and any other involved "insured" must:

**(3)**     Cooperate with us in the investigation or settlement of the claim or defense against the "suit."


27.     Based on the foregoing, Plaintiff seeks a declaratory judgment that Defendants are not entitled to coverage under the Policy.

## FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

28.   Plaintiff adopts and re-alleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

29.     Plaintiff seeks relief pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

30.     Plaintiff is informed and believes that a justiciable controversy exists between the parties, that the parties named as defendants have or may claim an interest in the subject matter of this litigation, and that the disposition of the insurance policy in this matter will affect the rights and liabilities of the defendants.

31.     The AMIC Policy does not provide coverage for the claims asserted by Defendant Nash and the Minor Decedent Defendant because:

        a.     The Policy provides/extends coverage to which an "insured" legally must pay as damages caused by an accident resulting from ownership, maintenance, or use of a "covered auto";

b.    Defendant Patrick Montgomery was not an "insured" at the time of the accident;

c.    The accident vehicle is not a listed "covered auto" under the Policy, nor was it being used as a substitute vehicle at the time of the accident;

d.    Neither the accident vehicle nor the trailer were being used in furtherance of Defendant Montgomery Construction's business at the time of the accident; and

e.    Such other and additional reasons as may be supported by the discovery in this action.

32.    AMIC does not owe a duty to defend or a duty to indemnify Defendant Patrick Montgomery for his actions alleged in both underlying actions brought by Defendant Nash and the Minor Decedent Defendant because;

a.    The Policy provides/extends coverage to which an "insured" legally must pay as damages caused by an accident resulting from ownership, maintenance, or use of a "covered auto";

b.    Defendant Patrick Montgomery was not an "insured" at the time of the accident;

c.    Defendant Patrick Montgomery was not an employee of Defendant Montgomery Construction at the time of the accident nor was he acting on behalf of or performing work for Montgomery Construction at the time of the accident;

d.    The accident vehicle is not a listed "covered auto" under the Policy, nor was it being used as a substitute vehicle at the time of the accident;

e.    The trailer being hauled by the accident vehicle was not insured under the Policy at the time of the accident;

f.    Neither the accident vehicle nor the trailer were being used in furtherance of Defendant Montgomery Construction's business at the time of the accident;

g.    Defendant Patrick Montgomery failed to comply and serve discovery responses owed to Plaintiff within the appropriate time frame, which resulted in an Order from the Court striking Defendant Patrick Montgomery's Answer in the underlying action. Defendant Patrick Montgomery's noncompliance and discovery abuse in the underlying actions has therefore prejudiced AMIC's ability to defend the allegations, which constitutes a breach of the cooperation clause withing the Policy [See Exhibit F]; and

h.    Such other and additional reasons as may be supported by the discovery in this action.

33.    AMIC does not owe a duty to defend or a duty to indemnify Defendant Sabrina Montgomery for the allegations plead in both underlying actions brought by Defendant Nash and the Minor Decedent Defendant because;

a.    The Policy provides/extends coverage to which an "insured" legally must pay as damages caused by an accident resulting from ownership, maintenance, or use of a "covered auto";

b.    Defendant Patrick Montgomery was not an "insured" at the time of the accident;

c.    Defendant Patrick Montgomery was not an employee of Defendant Montgomery Construction at the time of the accident nor was he acting on behalf of or performing work for Montgomery Construction at the time of the accident;

d.    The accident vehicle is not a listed "covered auto" under the Policy, nor was it being used as a substitute vehicle at the time of the accident;

e.    The trailer being hauled by the accident vehicle was not insured under the Policy at the time of the accident;

f.    Neither the accident vehicle nor the trailer were being used in furtherance of Defendant Montgomery Construction's business at the time of the accident; and

g.    Defendant Sabrina Montgomery failed to meaningfully participate in the discovery and litigation in the underlying actions, a result of which severely prejudiced AMIC's ability to defend the allegations, which constitutes a breach of the cooperation clause within the Policy. Specifically, defendant Sabrina Montgomery failed to comply with the Court's Order to produce her cellular device for forensic inspection and download. After producing the device, it was discovered that the device had been manually wiped the day before it was produced for inspection. As a result, the Court ordered Defendant Sabrina Montgomery's Answer in the underlying actions be stricken, as well as awarded sanctions in the form of attorney's fees and costs. [See Exhibit F].  Defendant Sabrina Montgomery's failure to comply with the Court's Order, has severely prejudiced AMIC's ability to defend the allegations in the underlying lawsuits, constituting a breach of the cooperation clause within the Policy ; and

h.    Such other and additional reasons as may be supported by the discovery in this action.

34.     AMIC does not owe a duty to defend or a duty to indemnify Defendant Montgomery Construction for the allegations plead in both underlying actions brought by Defendant Nash and the Minor Decedent Defendant because;

a.     The Policy provides/extends coverage to which an "insured" legally must pay as damages caused by an accident resulting from ownership, maintenance, or use of a "covered auto";

b.     Defendant Patrick Montgomery was not an "insured" at the time of the accident;

c.     Defendant Patrick Montgomery was not an employee of Defendant Montgomery Construction at the time of the accident nor was he acting on behalf of or performing work for Montgomery Construction at the time of the accident;

d.     The accident vehicle is not a listed "covered auto" under the Policy, nor was it being used as a substitute vehicle at the time of the accident;

e.     The trailer being hauled by the accident vehicle was not insured under the Policy at the time of the accident;

f.     Neither the accident vehicle nor the trailer were being used in furtherance of Defendant Montgomery Construction's business at the time of the accident;

g.     Defendant Sabrina Montgomery failed to meaningfully participate in the discovery and litigation in the underlying actions, a result of which severely prejudiced AMIC's ability to defend the allegations, which constitutes a breach of the cooperation clause within the Policy. Specifically, defendant Sabrina Montgomery failed to comply with the Court's Order to produce her cellular device for forensic inspection and download. After producing the device, it was discovered that the device had been manually wiped the day before it was produced for inspection. As a result, the Court ordered Defendant Sabrina Montgomery's Answer in the underlying actions be stricken, as well as awarded sanctions in the form of attorney's fees and costs. [See Exhibit F]. Defendant Sabrina Montgomery's failure to comply with the Court's Order, has severely prejudiced AMIC's ability to defend the allegations in the underlying lawsuits, constituting a breach of the cooperation clause within the Policy ; and

h.     Such other and additional reasons as may be supported by the discovery in this action.

35. Accordingly, Plaintiff seeks a declaratory judgment that they are not required to provide Coverage for claims asserted by Defendant Nash and the Minor Decedent Defendant, nor do they

have a duty to defend or indemnity Defendant Patrick Montgomery, Defendant Sabrina Montgomery, or Defendant Montgomery Construction.

36. Plaintiff respectfully requests that the Court inquire into the dispute between the parties, review the Policy and the applicable facts, and issue a Declaratory Judgment as to the rights and responsibilities of the parties under the policies in question.

WHEREFORE, Plaintiff prays that the Court inquire into these matters and enter an Order declaring that the Policy does not provide Coverage in connection with the underlying actions and for such other and further relief as this Court may deem just and proper.

WILLSON JONES CARTER & BAXLEY, P.A.

s/ G. Troy Thames
G. Troy Thames, Fed. Bar No.: 07713
Mary Alden Smith, Fed. Bar No.: 13036
4922 O'Hear Avenue, Suite 301
North Charleston, South Carolina  29405
Telephone: (843) 284-0832
Facsimile: (843) 606-3300
Email:  tthames@wjcblaw.com

North Charleston, South Carolina

August 27, 2025

**ATTORNEYS FOR PLAINTIFF AMERICAN MILLENNIUM INSURANCE COMPANY**