**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| American Millenium Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Patrick Montgomery, Sabrina Montgomery, and Montgomery Construction, LLC; Kanisha Nash and Andrew Sheppard, Esq., as Special Administrator of the Estate of G.N, a minor,<br><br>Defendants. | C/A. No. 2:25-11601-RMG<br><br>**ORDER** |

Before the Court is Defendants Kanisha Nash and Andrew Sheppard, Esq., as Special Administrator of the Estate of G.N., a minor (hereafter the "Estate of G.N.")'s motion to dismiss this declaratory judgment action. (Dkt. No. 16). Plaintiff has filed a response in opposition. (Dkt. No. 18). The matter has been fully briefed and is ripe for disposition.

## I. Background

This declaratory judgment action arises out of a tragic automobile collision on April 14, 2023, in which a vehicle operated by Defendant Patrick Montgomery crossed the center line and struck a vehicle operated by Defendant Kanisha Nash. As a result of the collision, Ms. Nash's minor child, G.N., was killed and she suffered significant injuries.

Two lawsuits were filed in the Berkeley County Court of Common Pleas in 2025 asserting state tort claims against Patrick Montgomery, his wife, Sabrina Montgomery, and Montgomery Construction, LLC arising out of the accident. The plaintiffs in the state court suits allege that Patrick Montgomery was operating a vehicle while under the influence of alcohol and was engaged

in transporting certain fluids in a barrel to clean the engine of a dump truck owned and operated by Defendant Montgomery Construction, LLC. It was further alleged in the state court actions that Sabrina Montgomery was the president, chief executive officer, and registered agent of Montgomery Construction, LLC and that the company was vicariously liable for the acts and/or omissions of Patrick and Sabrina Montgomery which proximately caused the vehicular collision. (Dkt. Nos. 1-3, 1-4). Montgomery Construction, LLC has denied it is vicariously liable for the conduct and actions of Patrick Montgomery or Sabrina Montgomery relating to the Berkeley County accident.

In one action, *Nash v. Montgomery, et al.*, the plaintiffs in the state court suit moved for sanctions against Patrick and Sabrina Montgomery based upon various discovery abuses, including the destruction of evidence. The Court found that Patrick and Sabrina Montgomery had engaged in willful misconduct that demonstrated "contempt for this court and gross indifference to Plaintiff's rights." (Dkt. No. 16-4 at 14). The state court struck the answers of Patrick and Sabrina Montgomery, leaving only Montgomery Construction, LLC as a party defendant in the case. Patrick and Sabrina Montgomery have appealed the state court order striking their answers.

American Millenium Insurance Company (hereafter "American Millenium") filed this declaratory judgment action seeking a declaration by the Court that it has no duty to defend or indemnify Montgomery Construction, LLC for the April 2023 accident. American Millenium is presently providing a defense to Montgomery Construction, LLC in the state court action.

American Millenium asserts that it provided insurance coverage to Montgomery Construction, LLC for a single dump truck and that the vehicle involved in the collision in Berkeley County was an automobile owned by Sabrina Montgomery and insured by a different carrier. American Millenium further asserts that at the time of the accident Patrick Montgomery

was not an employee of Montgomery Construction, LLC and was not performing any business-related activities on behalf of the company at the time of the accident. (Dkt. No. 1).

Nash and the Estate of G.N. have moved to dismiss this declaratory judgment action, arguing that this Court should decline to entertain this action on the basis of what is commonly referred to as the *Nautilus* factors. They argue that the issue of Patrick Montgomery's relationship with Montgomery Construction, LLC "is one of the primary factual issues being litigated in the underlying state court action" and American Millenium's coverage argument "is indistinguishable from a finding on the merits" on the state court vicarious liability claim. (Dkt. No. 16-1 at 9). Nash and the Estate of G.N. further assert that American Millenium has potential exposure under its policy with Montgomery Construction, LLC if it can be shown that Patrick Montgomery's transport of certain fluids on the date of the accident was in furtherance of the "maintenance" of a covered vehicle, the company's dump truck.[1] Additionally, Nash and the Estate of G.N. argue that if it is determined in the state court action that Montgomery Construction, LLC is not liable to the state court plaintiffs, this declaratory judgment action would be rendered moot. (*Id.* at 10).

## II. Discussion

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). When another suit is pending in a state court involving the same parties and providing the same opportunity for relief, a district court has "wide discretion" in deciding whether to stay or dismiss the declaratory

---

[1] The American Millenium policy provides that "[w]e will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' . . . to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" (Dkt. No. 1-1 at 14) (emphasis added).

judgment action. *See Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (citing *Wilton*, 515 U.S. at 288). If a federal court needs to address an insurer's request for a "declaratory judgment on coverage issues while the underlying litigation against its insured is pending in the state courts," the district court's discretion must also be guided by considerations of federalism, efficiency and comity. *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376-77 (4th Cir. 1994).

The Fourth Circuit articulated in *Nautilus* four factors for consideration when determining whether to exercise discretion under the Declaratory Judgment Act:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Id.*

Here, the Court finds that federalism, efficiency, and comity weigh against the exercise of federal jurisdiction over American Millenium's action for declaratory relief regarding its duty to indemnify Montgomery Construction, LLC concerning the Berkeley County accident. A major issue in dispute in both the state court and federal declaratory judgment actions is whether Montgomery Construction, LLC is vicariously liable for the acts or omissions of Patrick and/or Sabrina Montgomery arising from the accident. For the federal district court to involve itself in what may be the central factual and legal issue in an ongoing and previously filed state court action creates a strong likelihood of unnecessary entanglement. The state has a strong interest in protecting the viability and integrity of its civil justice system. Further, in the event that Montgomery Construction, LLC prevails in its defense in the state court action, the insurance coverage issue pending before this court would be rendered moot. Accordingly, as the *Nautilus*

factors clearly weigh in favor of the Court declining at this time to declare the parties' rights in this case, the Court grants Defendant Nash's and Estate of G.N.'s motion to dismiss.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Nash's and Estate of G.N.'s motion to dismiss (Dkt. No. 16). This dismissal is without prejudice.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 13, 2026
Charleston, South Carolina